KAY-FRIES CHEMICAL, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21563. Promulgated May 23, 1950.

*Thomas L. Keaney, C. P. A.*, for the petitioner.
*C. C. Holmes, Esq.*, for the respondent.

### OPINION.

MURDOCK, *Judge*: The Commissioner determined deficiencies in excess profits tax of $5,467.94 for 1941 and $11,070.80 for 1942. The only issue for decision is whether the Commissioner erred in failing to include in equity invested capital $98,787.74 representing the value placed by the petitioner upon a secret process for the manufacture of formaldehyde. The case was presented upon a stipulation of facts, which is adopted as the findings of fact.

The petitioner's returns for the taxable years were filed with the collector of internal revenue for the fourteenth district of New York.

The petitioner claimed in those returns, as a part of equity invested capital, $98,787.74 representing the alleged value of a secret formula for the making of formaldehyde. The Commissioner, in determining the deficiencies, refused to include it as a part of equity invested capital under section 718.

Tennants Consolidated, Ltd., through two affiliates, owned all of the stock of the petitioner after October, 1936. Tennants was the largest

manufacturer of formaldehyde in the United Kingdom in 1937. It manufactured the product under a secret process. It decided in 1937 to manufacture formaldehyde in the United States, through the petitioner, using the secret process. It therefore disclosed the secret process to the chief chemist of the petitioner in 1937, and thereafter the petitioner constructed equipment and facilities for the manufacture of formaldehyde in the United States by means of the secret process, based on plans and specifications drawn up by the chemist in England under the direction of Tennants. The first sales were made in August, 1938. The stipulation shows the petitioner's sales and gross profits from formaldehyde, and also its sales and gross profits from all products combined, for the years 1938 through 1942.

The secret process was turned over to the petitioner by Tennants at no capital cost to the petitioner. No royalty was charged. There was no written contract with respect to the use of the process. No stock or other consideration was issued by the petitioner to Tennants for the process, and no asset was set up on the books of the petitioner to represent in any way the secret formula. Tennants gave the petitioner the secret process for the manufacture of formaldehyde, including the plans and specifications.

The petitioner contends that the value of the secret process at the time of acquisition should be included in invested capital under section 718 (a) (2) as property paid in as a contribution of capital. That section provides in part that equity invested capital for any day shall include:

(2) PROPERTY PAID IN.—Property (other than money) previously paid in (regardless of the time paid in) for stock, or as paid-in surplus, or as a contribution to capital. Such property shall be included in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange.

The Commissioner, conceding nothing, has denied the petitioner the right to include any amount in equity invested capital representing the secret process. It was incumbent upon the petitioner to prove facts necessary to show that some amount should be included and to show the amount to be included. The knowledge of the secret process and the right to use that process, together with the plans and specifications, received by the petitioner from its parent, were valuable to the petitioner, as it contends. However, section 718 (a) (2) provides that property paid as a contribution to capital shall be included in equity invested capital in an amount equal to its basis (unadjusted) for determining loss upon sale or exchange. Section 113 (a) (8), not referred to by the petitioner, provides that the basis of property acquired after December 31, 1920, by a corporation as a contribution to capital shall be the same as it would be in the hands of the transferor, increased in the amount of gain or decreased in the amount of loss recognized to the transferor upon such transfer under the law applicable

to the year in which the transfer was made. The record contains no evidence to show what the basis of the property was in the hands of the petitioner for determining loss upon a sale or exchange, or that any gain or loss to the transferor was recognized on the transfer. If the secret process and the other information given to the petitioner had any basis in the hands of the transferor and if the part of that basis allocable to the portion of the whole transferred to the petitioner could be shown, nevertheless, it is not even referred to in this record. The general provision of section 113 (a) is that the basis of property shall be its cost. If the exception under (8) does not apply, then it appears that the property had no cost to the petitioner. The petitioner, in its brief, seems to think that the value of the property at the time it was acquired by the petitioner is important, but refers to no provisions of the Internal Revenue Code which would make that value important. Furthermore, that value is not shown by the record and the petitioner is under the mistaken impression that "the amount of such value can be determined later."

The petitioner has failed to show that the Commissioner erred in refusing to include the $98,787.74, or any part of it, in the equity invested capital of the petitioner for the taxable years.

*Decision will be entered for the respondent.*